# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| PHILLIP A. EMILY, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:15-CV-134-CEJ |
| WASHINGTON COUNTY, | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Phillip A. Emily (registration no. 517764) for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee, and therefore, the motion will be granted. Plaintiff will be assessed an initial partial filing fee of $4.44. *See* 28 U.S.C. ' 1915(b)(1). Furthermore, based upon a review of the complaint, the Court will dismiss this action pursuant to 28 U.S.C. ' 1915(e)(2)(B).

### **28 U.S.C. ' 1915(b)(1)**

Pursuant to 28 U.S.C. ' 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater

of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. See 28 U.S.C. ' 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. ' 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id. Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. See 28 U.S.C. ' 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $22.18, and an average monthly account balance of $0.00. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $4.44, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. ' 1915(e)

Pursuant to 28 U.S.C. ' 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is

malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead Aenough facts to state a claim to relief that is plausible on its face.@ *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its

judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

Moreover, in reviewing a pro se complaint under ' 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

## The Complaint

Plaintiff, an inmate at the Saint Genevieve County Detention Center, seeks monetary relief in this 42 U.S.C. ' 1983 action against Washington County. Plaintiff alleges that frivolous state criminal charges have been brought against him and that he is not receiving a fair trial.

## Discussion

Having carefully reviewed plaintiff's allegations, the Court will dismiss this action pursuant to ' 1915(e)(2)(B). Although a municipality such as defendant Washington County is not entitled to absolute immunity in ' 1983 actions, it cannot be held liable under a respondeat superior theory. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Municipal liability cannot be imposed absent an allegation that unlawful actions were taken pursuant to a municipality's policy or

custom. *Id*. at 694. There being no such allegations in the present action, the complaint will be dismissed as legally frivolous.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $4.44 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 27th day of January, 2015.

_____
**UNITED STATES DISTRICT JUDGE**